J-A18025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANDREW COLLINS, AS EXECUTOR OF THE ESTATE OF RICHARD A. COLLINS, DECEASED<br><br>Appellee<br><br>v.<br><br>MANORCARE OF LANCASTER PA, LLC D/B/A MANORCARE HEALTH SERVICES-LANCASTER, AND HCR MANORCARE, INC., AND DCR HEALTHCARE, LLC, AND HCR II HEALTHCARE, LLC, AND MANORCARE HEALTH SERVICES, INC., AND MANORCARE, INC., LANCASTER GENERAL HEALTH AND LANCASTER GENERAL REHABILITATION SERVICES, INC., D/B/A LANCASTER REHABILITATION HOSPITAL, AND LANCASTER REHABILITATION HOSPITAL<br><br>Appellants | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>No. 762 MDA 2014 |

Appeal from the Order entered April 4, 2014
In the Court of Common Pleas of Lancaster County
Civil Division at No: 12-15908

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

JUDGMENT ORDER BY STABILE, J.:          **FILED JUNE 18, 2015**

This appeal is from an order overruling preliminary objections to compel arbitration of claims brought under the Wrongful Death and Survival

Acts.[1]  The claims arise from the death of Richard A. Collins, after he was a resident at a nursing home operated by Appellants (collectively, ManorCare).

The wrongful death claims are not subject to arbitration, because a decedent's agreement to arbitrate is not enforceable against the decedent's wrongful death beneficiaries.  *Taylor v. Extendicare Homes, Inc.*, 113 A.3d 317, 320 (Pa. Super. 2015) (citing *Pisano v. Extendicare Homes*, 77 A.3d 651, 654 (Pa. Super. 2013)).  In addition, the Survival Act claims must be joined with the wrongful death claims, Pa.R.C.P. No. 213(e), and requiring joinder does not violate the Federal Arbitration Act, 9 U.S.C. § 2. *Taylor*, 113 A.3d at 326-28.

We decided *Taylor* after the principal briefs were filed in this case.  In its Reply Brief,[2] ManorCare contends *Taylor* was wrongly decided, but concedes that it controls.  We agree.  *See, e.g., Regis, Inc. v. All Am. Rasthskeller, Inc.*, 976 A.2d 1157, 1161 n.6 (Pa. Super. 2009) (quotation omitted) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court.").  Therefore, based on *Taylor*, we affirm the order overruling ManorCare's preliminary objections.

Order affirmed.  Jurisdiction relinquished.

---

[1] Respectively, 42 Pa.C.S.A. §§ 8301 and 8302.  Though the order is interlocutory, we have jurisdiction under 42 Pa.C.S.A. § 7320.  *See* Pa.R.A.P. 311(a)(8).

[2] The Reply Brief is untimely.  Appellee has not objected.  We exercise discretion to excuse the untimely filing.  *See* Pa.R.A.P. 105(a).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/18/2015</u>